**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DOMINIC ROBICHAUD,

    Defendant - Appellant.

No. 24-1043
(D.C. No. 1:22-CR-00239-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **ROSSMAN**, Circuit Judges.
_____

Pursuant to a plea agreement, Dominic Robichaud pleaded guilty to conspiracy to commit kidnapping in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5) and was sentenced to 30 months in prison.  He then filed this appeal. His plea agreement contains an appeal waiver that the government now moves to enforce. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating such a motion, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In response, Mr. Robichaud, through counsel, has not disputed any of these factors and concedes the appeal waiver is enforceable.

Our independent review confirms the enforceability of the appeal waiver. Mr. Robichaud has identified no issues he wishes to raise on appeal that fall outside the scope of the appeal waiver. The plea agreement clearly sets forth the appeal waiver and states that Mr. Robichaud agreed to it knowingly and voluntarily, and the district court confirmed his understanding of the plea agreement during the change-of-plea hearing. Moreover, we see no evidence contradicting Mr. Robichaud's knowing and voluntary acceptance of the appeal waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice.

For the foregoing reasons, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam
